John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444

*Attorneys for Plaintiff Horizon
Therapeutics, LLC*

Robert F. Green
Emer L. Simic
Ann K. Kotze
GREEN, GRIFFITH & BORG-BREEN LLP
NBC Tower, Suite 3100
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
(312) 883-8000

*Of Counsel for Plaintiff Horizon
Therapeutics, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON THERAPEUTICS, LLC,<br><br>    *Plaintiff,*<br>  v.<br><br>LUPIN LTD. and LUPIN PHARMACEUTICALS, INC.,<br><br>    *Defendants.* | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff Horizon Therapeutics, LLC, by its undersigned attorneys, brings this action against Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Defendants" or "Lupin"), and hereby allege as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, arising from Defendants' filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to market a generic version of Plaintiff's pharmaceutical product RAVICTI® (glycerol phenylbutyrate oral liquid) ("RAVICTI®") prior to the expiration of United States Patent No. 9,561,197 ("the '197 patent").

## THE PARTIES

2.      Plaintiff Horizon Therapeutics, LLC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 150 S. Saunders Road, Lake Forest, IL 60045.

3.      On information and belief, Defendant Lupin Limited ("Lupin Ltd.") is a corporation operating and existing under the laws of India, having a principal place of business at B/4 Laxmi Towers, Bandra Kurla Complex, Bandra (E), Mumbai 400 051, India, and its registered office at 159 CST Road, Kalina, Santacrux (E), Mumbai 400 098, India.

4.      On information and belief, Lupin Ltd. is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products throughout the United States, including within this judicial district, through its own actions.

5.      On information and belief, Defendant Lupin Pharmaceuticals Inc. ("LPI") is a corporation operating and existing under the laws of the Commonwealth of Virginia, with its principal place of business at 111 South Calvert Street, 21st Floor, Baltimore, MD 21202.

6.      On information and belief, LPI is in the business of, *inter alia*, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products throughout the United States, including within this judicial district, through its own actions and through the actions of its agents and subsidiaries.

7.      On information and belief, LPI is a wholly-owned subsidiary of Lupin Ltd.

8.      On information and belief, LPI is registered to do business in the State of New Jersey under Business ID Number 0100953673.

9.      On information and belief, LPI is registered with the State of New Jersey as a

2

manufacturer and wholesale distributor of drugs under Registration Numbers 5004060 and 5005159.

10.     On information and belief, LPI acts at the direction of, under the control of, and for the benefit of Lupin Ltd. and is controlled and/or dominated by Lupin Ltd.

11.     On information and belief, Lupin Ltd. and LPI have at least one officer and/or director in common.

12.     On information and belief, Defendants participated and collaborated in the research and development, and the preparation and filing, of ANDA No. 207694 ("the Lupin ANDA") for glycerol phenylbutyrate oral liquid ("the Lupin Product"), continue to participate and collaborate in seeking FDA approval of that application, and intend to participate and collaborate in the commercial manufacture, marketing, offer for sale and sale of the Lupin Product throughout the United States, including in the State of New Jersey, in the event the FDA approves Lupin's ANDA.

13.     On information and belief, LPI is the United States agent for Lupin Ltd. in connection with the filing of the Lupin ANDA with the FDA and subsequent FDA communications relating thereto.

14.     On information and belief, should the Lupin ANDA be finally approved by FDA, LPI will sell, offer for sale and distribute the Lupin Product throughout the United States, including within this judicial district.

15.     On information and belief, Lupin Ltd. and LPI have availed themselves of the rights, benefits and privileges of this Court by filing at least one complaint for patent infringement in the District of New Jersey: *Lupin Ltd., et al. v. Merck, Sharp & Dohme Corp.*, Civil Action No. 3:10-cv-00683.

3

16.     On information and belief, Lupin Ltd. and LPI have admitted to, consented to or have not contested, the jurisdiction of this Court in at least five prior District of New Jersey actions: *Senju Pharmaceutical Co., Ltd., et al. v. Lupin Ltd., et al.*, Civil Action No. 1:15-cv-00335, *Senju Pharmaceutical Co., Ltd., et al. v. Lupin Ltd., et al.*, Civil Action No. 1:14-cv-05144, *Janssen Products, L.P., et al. v. Lupin Ltd., et al.*, Civil Action No. 2:14-cv-01370, *Takeda Pharmaceutical Co. Ltd., et al. v. Lupin Ltd., et al.*, Civil Action No. 3:12-cv-07333, and *AstraZeneca Pharmaceuticals LP, et al. v. Lupin Ltd., et al.*, Civil Action No. 3:12-cv-06888.

17.     On information and belief, Lupin Ltd. and LPI have availed themselves of the rights, benefits and privileges of this Court by asserting counterclaims in at least five prior District of New Jersey actions: *Senju Pharmaceutical Co., Ltd., et al. v. Lupin Ltd., et al.*, Civil Action No. 1:15-cv-00335, *Senju Pharmaceutical Co., Ltd., et al. v. Lupin Ltd., et al.*, Civil Action No. 1:14-cv-05144, *Janssen Products, L.P., et al. v. Lupin Ltd., et al.*, Civil Action No. 2:14-cv-01370, *Takeda Pharmaceutical Co. Ltd., et al. v. Lupin Ltd., et al.*, Civil Action No. 3:12-cv-07333, and *AstraZeneca Pharmaceuticals LP, et al.* v. *Lupin Ltd., et al.*, Civil Action No. 3:12-cv-06888.

### JURISDICTION AND VENUE

18.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), 2201 and 2202.

19.     This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, their presence in New Jersey, having conducted business in New Jersey, having availed themselves of the rights and benefits of New Jersey law such that they should reasonably anticipate being hailed into court in this judicial district, previously submitting to personal jurisdiction in this Court, availing themselves of the jurisdiction of this Court (*e.g*., by the assertion of claims and

4

counterclaims), and having engaged in systematic and continuous contacts with the State of New Jersey through the marketing and sales of generic drugs throughout the United States, and in particular within this judicial district, through the receipt of revenue from the sales and marketing of generic drug products, including Lupin products, within this judicial district, and through their intent to market and sell the Lupin Product, if approved, to residents of this judicial district.

20.    This Court also has personal jurisdiction over Defendants by virtue of, *inter alia*, Lupin's filing of ANDA No. 207694 with the FDA seeking approval to market and sell Lupin's Product throughout the United States, including to residents of New Jersey and Lupin's intent to market and sell the Lupin Product, if approved, to residents of this judicial district.

21.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## THE PATENT-IN-SUIT

22.    On February 7, 2017, the USPTO duly and legally issued the '197 patent entitled "Methods of Therapeutic Monitoring of Phenylacetic Acid Prodrugs." At the time of its issue, the '197 patent was assigned to Horizon Therapeutics, LLC.  Horizon Therapeutics, LLC currently is the sole assignee and owner of all right, title and interest in and to the '197 patent, which claims methods for treatment of urea cycle disorder patients with glyceryl tri-[4-phenylbutyrate] based on the patient's plasma PAA to PAGN ratio.  A true and correct copy of the '197 patent is attached hereto as Exhibit A.

**RAVICTI®**

23.     Horizon Therapeutics, LLC is the owner of FDA-approved New Drug Application No. 203284 ("the RAVICTI® NDA") for glycerol phenylbutyrate oral liquid 1.1gm/ml, which is sold by Horizon Pharma USA, Inc. in the US under the trademark RAVICTI®.

24.     RAVICTI® is currently approved by the FDA for use as a nitrogen-binding agent for chronic management of patients two (2) months of age and older with urea cycle disorders that cannot be managed by dietary protein restriction and/or amino acid supplementation alone.

25.     Pursuant to 21 U.S.C. § 355, and attendant FDA regulations, the '197 patent is listed in the FDA publication entitled Approved Drug Products and Therapeutic Equivalence Evaluations ("the Orange Book") for the RAVICTI® NDA.

26.     The '197 patent qualifies for listing in the Orange Book in connection with NDA No. 203284 because it claims an approved use of RAVICTI®.

**LUPIN'S ANDA**

27.     On information and belief, Lupin submitted the Lupin ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market glycerol phenylbutyrate oral liquid. On information and belief, the Lupin ANDA seeks approval to market the Lupin Product for use as a nitrogen-binding agent for chronic management of patients two (2) months of age and older with urea cycle disorders that cannot be managed by dietary protein restriction and/or amino acid supplementation alone.

28.     On information and belief, the conditions of use for which Lupin seeks approval of the Lupin Product in the Lupin ANDA are the same as those set forth in the FDA-approved labeling for RAVICTI®.

6

29.    On information and belief, the Lupin ANDA refers to and relies upon the RAVICTI® NDA and contains data that, according to Lupin, demonstrate the bioequivalence of the Lupin Product and RAVICTI®.

30.    Plaintiff received from Lupin Ltd. a letter, dated September 4, 2015, stating that Lupin Ltd. included a certification in the Lupin ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that U.S. Patent No. 8,642,012 is invalid, unenforceable and/or will not be infringed by the commercial manufacture, use or sale of the Lupin Product (the "Paragraph IV Certification").

31.    The Lupin ANDA seeks approval to engage in the commercial manufacture, use or sale of glycerol phenylbutyrate oral liquid before the expiration of the '012 patent.

32.    To date, Plaintiff has not received notification from Lupin that it has included a Paragraph IV Certification in the Lupin ANDA for the '197 patent.

### COUNT I FOR INFRINGEMENT OF U.S. PATENT NO. 9,561,197

33.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-32 of this Complaint.

34.    The '197 patent issued on February 7, 2017 and will expire no later than September 22, 2030.

35.    Defendants have previously filed certification in the Lupin ANDA pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), seeking approval to market the Lupin Product prior to the expiration of the '012 patent, which expires on September 22, 2030.  Because the '197 patent expires no earlier than September 22, 2030, Defendants also seek approval of the Lupin ANDA and to market the Lupin ANDA Product, prior to the expiration of the '197 patent.

36.    By submitting and seeking approval of the Lupin ANDA and also seeking

approval to engage in the use, offer to sell or sale of the Lupin Product, prior to the date on which the '197 patent expires, Defendants have infringed the '197 patent pursuant to 35 U.S.C. § 271(e)(2)(A).

37.     Defendants' use, offer to sell, or sale of the Lupin Product within the United States, during the term of the '197 patent also would infringe the '197 patent under 35 U.S.C. § 271(a), (b) and/or (c).

38.     On information and belief, the conditions of use for the Lupin Product for which Lupin seeks approval in the Lupin ANDA fall within one or more of the claims of the '197 patent.  If approved, use of the Lupin ANDA Product in accordance with the proposed labeling submitted in the Lupin ANDA would infringe one or more of the claims of the '197 patent.

39.     Upon approval of the Lupin ANDA, and the commercial marketing thereof, Defendants will actively induce and/or contribute to infringement of the '197 patent.

40.     Upon information and belief, Defendants had actual and constructive notice of the '197 patent as of its issue date, and Defendants' infringement of the '197 patent is willful.

41.     Plaintiff is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Lupin's ANDA be a date that is not earlier than the expiration of the '197 patent, or any later expiration of any exclusivity or extension of the '197 patent to which Plaintiff or the patent may become entitled.

42.     Plaintiff will be substantially and irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to the infringement of the '197 patent.

43.     Plaintiff has no adequate remedy at law.

44.     This case is exceptional, and Plaintiff is entitled to an award of attorneys' fees

under 35 U.S.C. § 285.

## COUNT II FOR DECLARATION OF INFRINGEMENT OF
## U.S. PATENT NO. 9,561,197

45.     Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1-44 of this Complaint.

46.     This count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

47.     There currently exists an actual case or controversy such that the Court may enter Plaintiff's request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

48.     Defendants' use, offer for sale, or sale of the Lupin Product within the United States during the term of the '197 patent, would infringe the '197 patent.

49.     Defendants seek approval of the Lupin ANDA, and to market the Lupin Product, prior to the expiration of the '197 patent.

50.     Defendants have made, and will continue to make, substantial preparation in the United States to offer to sell and/or sell the Lupin Product prior to the expiration of the '197 patent

51.     Plaintiff is entitled to a declaratory judgment that the use, offer for sale and/or sale of the Lupin Product prior to the expiration of the '197 patent by Defendants would constitute active inducement and/or contributory infringement of the '197 patent.

52.     Plaintiff will be substantially and irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to the infringement of the '197 patent.

53.     Plaintiffs have no adequate remedy at law.

9

54. This case is exceptional, and Plaintiff is entitled to an aware of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants, and respectfully requests the following relief:

A. A judgment declaring that Defendants have infringed one or more claims of U.S. Patent No. 9,561,197;

B. A declaration pursuant to 28 U.S.C. 2201 that if Defendants, their officers, directors, employees, representatives, agents, parents, subsidiaries, affiliates, customers, distributors, suppliers, and those persons in active concert or participation with any of them, and their successors and assigns, use, offer to sell, or sell the Lupin Product within the United States, prior to the expiration date of the '197 patent, it will constitute an act of infringement of the '197 patent;

C. A judgment pursuant to 35 U.S.C. § 271(e)(4) preliminarily and permanently enjoining Defendants, their officers, directors, employees, representatives, agents, parents, subsidiaries, affiliates, customers, distributors, suppliers, and those persons in active concert or participation with any of them, and their successors and assigns, from using, offering to sell, or selling the Lupin Product within the United States, prior to the expiration date of the '197 patent;

D. If Defendants use, offer to sell or sell the Lupin Product within the United States, prior to the expiration of the '197 patent, including any extensions, a judgment awarding Plaintiff monetary relief together with interest;

E. That an order be issued under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of the Lupin ANDA shall be a date not earlier than the expiration date of the

'197 patent, including any extensions;

F.      Attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

G.      Costs and expenses in this action; and

H.      Such other and further relief as the Court deems just and proper.


                                    Respectfully submitted,

Date:  August 8, 2017              *s/ John E. Flaherty*
                                    John E. Flaherty
                                    Ravin R. Patel
                                    McCARTER & ENGLISH LLP
                                    Four Gateway Center
                                    100 Mulberry St.
                                    Newark, NJ  07102
                                    (973) 622-4444

                                    *Attorneys for Plaintiff Horizon Therapeutics, LLC*

                                    Robert F. Green
                                    Emer L. Simic
                                    Ann K. Kotze
                                    GREEN, GRIFFITH & BORG-BREEN LLP
                                    NBC Tower, Suite 3100
                                    455 North Cityfront Plaza Drive
                                    Chicago, Illinois 60611
                                    (312) 883-8000

                                    *Of Counsel for Plaintiff Horizon Therapeutics, LLC*

11

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Plaintiff Horizon Therapeutics, LLC, by its undersigned attorneys, hereby certify pursuant to Local Civil Rule 11.2 that the matter in controversy, to the extent that it is directed to allegations of infringement of the '197 patent, is the subject of the following pending action, which involves a different defendant and a different ANDA:

- *Horizon Therapeutics, LLC v. Par Pharmaceutical, Inc.*, Civil Action No. (not yet assigned) (D.N.J.)

Respectfully submitted,

Date: August 8, 2017

*s/John E. Flaherty*
John E. Flaherty
Ravin R. Patel
McCARTER & ENGLISH LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444

*Attorneys for Plaintiff Horizon Therapeutics, LLC*

Robert F. Green
Emer L. Simic
Ann K. Kotze
GREEN, GRIFFITH & BORG-BREEN LLP
NBC Tower, Suite 3100
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
(312) 883-8000

*Of Counsel for Plaintiff Horizon Therapeutics, LLC*